# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

**TONY W. DUNN**

     **Plaintiff,**

**v.**                        **Docket Number**

**CAPPO MANAGEMENT XX, INC.**
**d/b/a  VICTORY NISSAN WEST**

     **Defendant.**

<u>Complaint</u>

Comes the plaintiff, through counsel, and would show the court as follows:

1.    Plaintiff **(hereinafter "Dunn" or "Plaintiff")** is a citizen and resident of McEwen, Tennessee and resides within the confines of the jurisdiction of this court.  Plaintiff is male and is disabled as defined by the Tennessee Disability Act.  Plaintiff has a condition known as a perianal anal fistula.  (A fistula is an abnormal tunnel connecting two body cavities such as the rectum and the vagina) or a body cavity to the skin (like the rectum to the outside of the body. A perianal fistula is one that connects the perianal skin with the anus or the rectum).  It substantially limits the plaintiff's operation of a major bodily function, including the digestive and bowel. This impairment substantially limits the plaintiff's ability to stand, lift, drive and sleep (plaintiff is limited to four hours per night)

2.     Defendant is a Tennessee corporation located at 2219 Highway 46 S., Dickson, Tennessee, 37055.   The registered agent for service of process is Rodney A. Fields, 5496 N. Andrew Johnson Hwy, Morristown, Tennessee, 37814.

 3.     This court has jurisdiction pursuant to the Americans with Disabilities Act, 42 U.S.C. 12112, The Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., Tennessee Public Protection Act, TCA 50-1-304, the Tennessee Disability Act, TCA 8-50-103, the Tennessee Human Rights Act, TCA 4-21-101 et seq and retaliatory discharge under the common law of Tennessee.

4.     Venue is proper in that the acts complained of occurred within the confines of the jurisdiction of this court.

5.     Dunn was employed by the defendant as a car salesman.   He was wrongfully terminated on December 11, 2010.

6.     While employed by the defendant, plaintiff was subjected to physical assaults by his immediate supervisor, Donnie Hulan. (hereinafter "Hulan") Additionally, he suffered many occasions of verbal abuse, foul, lewd and disgusting comments concerning his finance`, Melissa Bower, by said supervisor.

7.     Plaintiff avers that the foregoing and hereinafter described acts by the defendant's supervisor subjected him to a hostile work environment based upon his disability and gender.

8.    More specifically, plaintiff would show that he suffered an extremely painful condition termed a "perennial anal fistula" which causes a swollen, edemous area in the buttocks area.  Hulan was aware of this condition but, nonetheless, hit him in the buttocks area causing severe pain and bleeding.

9.    In November 2010, Hulan assaulted the plaintiff hitting him in the chest knocking the wind out of him and causing considerable pain.  At the time, the general manager, Jason Seiber, was on the car dealership premises and witnessed this cowardly act by Hulan without any intervention or comment to Hulan.

10.    After leaving the company of the general manager, and some two hours later, Hulan again assaulted the plaintiff with a golf club striking him in the groin area hard enough to cause swelling and severe pain.

11.    On numerous occasions during the fall months of 2010, and in front of the plaintiff's co-workers, Hulan would tell the plaintiff the following:

"You f--king queer"

"If you stayed at home your ass would heal"

"I'm going to f--k your fiancé"

    Plaintiff repeatedly asked Hulan to stop all of this humiliating, verbal abuse but without any success.

12.    Plaintiff, prior to his termination, complained to the general manager, Jason Sieber, about this abusive treatment by Hulan.  Plaintiff avers that his complaint went unheeded.

13.     Plaintiff avers that the action of Hulan and the inaction of Sieber, involved assault (**T. C. A. § 39-13-101**) and battery, both civil and criminal, intentional infliction of emotional distress and harm equating to outrageous conduct.     The failure by the defendant management to prevent this continuing treatment constituted gross negligence.

14.     Plaintiff avers that he was terminated on December 11, 2010 because of his reporting of the illegal acts by his supervisor and in violation of the Tennessee Public Protection Act.     Furthermore, plaintiff avers he was subjected to a hostile work environment based upon his disability or perceived disability and his gender.

**WHEREFORE, PREMISES CONSIDERED, plaintiff prays as follows:**

1.     That the Defendant be served with a copy of this Complaint and Summons and be required to answer within the time prescribed by law.

2.     That the Plaintiff be awarded compensatory damages of $1,5000,000 and punitive damages in a like amount.

3.     That the Plaintiff be awarded reasonable attorney's fees and that the cost of this cause be assessed against the Defendant.

4.     That a jury be empanelled to hear this case.

Respectfully submitted,



s/James L. Harris No. 014173
s/Robert J. Shockey No. 2092
Attorney at Law
2400 Crestmoor Road
Nashville, Tennessee 37215
Phone 615-260-3677
Fax 615-297-6855
jhar401@comcast.net